UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY-ALLEN ALBERTSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 23-cv-03998-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 19, 53 |

This case is about the First Amendment right to post comments on YouTube. Before the Court is Google LLC's motion to dismiss. The motion is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 15, 2024, is **VACATED**. *See* Civil L.R. 7-6. This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion to dismiss for the following reasons.

I.  **BACKGROUND**

Plaintiff Timothy-Allen Albertson is a YouTube user who created at least one YouTube Channel and subscribes to Premium YouTube. First Amended Complaint ("FAC") (ECF 14) ¶¶ 9-10.[1] Albertson "has serious legal and political issues with the LGBTQIA+ Identity Group . . . [.]" *Id.* ¶ 18 (listing some of Albertson's "legal and political issues" with this group). He has "an acerbic and caustic style and wit in expressing his opinions" about that community, which he has

---

[1] As it must, the Court accepts Albertson's allegations in the complaint as true and construes the pleadings in the light most favorable to him. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

done in comments he posted to YouTube. *Id.* ¶¶ 19, 27. In the past two years, YouTube "block[ed] or partially block[ed]" one or more of those comments from appearing on "some areas of [the service]," by "delisting and downranking" them. *Id.* ¶ 27. Albertson alleges that this "shadow banning" was based on YouTube's prohibition against "Hate Speech." *Id.* ¶¶ 23, 26-27.

Albertson brings two claims against Google (d/b/a YouTube) for violating his First Amendment rights to free speech and to peaceably assemble. Google moves to dismiss the claims for lack of state action and because the claims are barred by the First Amendment. ECF 19.

## II. DISCUSSION

Albertson alleges that Google violated his free speech rights under the First Amendment of the United States Constitution.[2] Google argues that the First Amendment claims must be dismissed because it is a private entity and not a state actor. The Court agrees with Google and finds that the First Amendment claims are precluded by controlling Supreme Court and Ninth Circuit precedent.

Generally, "the Free Speech Clause prohibits only *governmental* abridgment of speech. [It] does not prohibit *private* abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) ("*Halleck*") (emphasis in original). However, in a limited set of circumstances, a private party's actions may amount to state action. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139-40 (9th Cir. 2012). The Ninth Circuit recognizes four tests for determining whether a private party is a state actor under Section 1983: "(1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Id.* at 1140. Albertson argues that YouTube has become "so intertwined with the Executive Branch of the United States" that it has become a state actor. FAC ¶ 20. The Court liberally construes Albertson's allegations to implicate the public function, joint action, and governmental nexus tests. Accordingly, the Court examines YouTube's conduct under each, and cannot agree.

Any suggestion that YouTube performs a public function is foreclosed by both the

---

[2] Liberally construing the complaint, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), the Court understands Albertson to bring his First Amendment claims under 42 U.S.C. § 1983.

2

Supreme Court and the Ninth Circuit. *See Halleck*, 139 S. Ct. at 1930 ("merely hosting speech by others is not a traditional, exclusive public function and does not alone transform private entities into state actors subject to First Amendment constraints"); *Prager Univ. v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020) ("[d]espite YouTube's ubiquity and its role as a public-facing platform, it remains a private forum, not a public forum subject to judicial scrutiny under the First Amendment."). This Court is bound by that precedent and must conclude that YouTube does not perform a public function.

For a private entity to be held liable under the joint action test, courts consider whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (citation omitted). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents.'" *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (citation omitted). Under the nexus test, the plaintiff must show that there is "such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1095 (citation omitted).

Albertson alleges that there is such a nexus or interdependence because Congress has investigated Google and Google has permitted the Center for Disease Control to "censor and suppress core speech . . . [.]" FAC ¶¶ 20-21. Albertson points to no authority to support the proposition that Congressional investigations make a private entity a state actor, and the Court declines to make such a finding. Indeed, Albertson has "failed to show any link between [the investigations] and YouTube's decision to remove" Albertson's content. *See Doe v. Google LLC*, No. 21-16934, 2022 WL 17077497, at *3 (9th Cir. Nov. 18, 2022). Albertson offers only a conclusory assertion that Google acted "in concert and participation with and for the Executive Branch of the United States . . . [.]" FAC ¶ 27. Albertson offers no factual allegations that support the theory that there was an "agreement" or a "meeting of the minds" as required to show a conspiracy between Google and the government. *See Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983) (citation omitted). Similarly, Albertson has not alleged that Google was a "willful

participant in joint action" with the government.  *See Tsao*, 698 F.3d at 1140; *see, e.g.*, *Fed. Agency of News LLC v. Facebook, Inc.*, 395 F. Supp. 3d 1295, 1312 (N.D. Cal. 2019) (no joint action where Facebook allegedly supplied the government with information related to the government's investigation of election interference).

Without any factual allegations to support his conclusory assertions, the Court cannot find that Google is a state actor.  Therefore, Google cannot be responsible under the First Amendment for its actions in removing or blocking Albertson's YouTube comments.  *See Halleck*, 139 S.Ct. at 1928.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Google's motion to dismiss without prejudice.  Should Albertson elect to file an amended complaint curing the deficiencies identified herein, he shall do so by no later than **March 8, 2024**.  Albertson may not add new causes of action or parties without leave of Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: February 7, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Court**