UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY-ALLEN ALBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 23-cv-03998-AMO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

On February 7, 2024, the Court dismissed *pro se* Plaintiff Timothy-Allen Albertson's complaint with leave to amend by March 8, 2024. ECF 57. Albertson did not file an amended complaint. On April 8, 2024, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. ECF 58. The Court directed Albertson to file a response by April 22, 2024, or the Court would dismiss the case with prejudice. ECF 58. As of the date of this order, Albertson has not filed a written response to the order to show cause or filed an amended complaint.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for failure to prosecute. In determining whether to dismiss a case for failure to prosecute, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Here, the Court finds that these factors weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). Given Albertson's failure to

1    prosecute the case for more than three months, this factor weighs in favor of dismissal. *See id.*;

2    *see, e.g.*, *Glasper v. City of Oakland*, No. 23-CV-04699-HSG, 2024 WL 310205, at *2 (N.D. Cal.

3    Jan. 26, 2024) (finding that this factor weighed in favor of dismissal where plaintiff had not

4    communicated with the Court in nearly four months or complied with multiple orders).

5        Second, "[i]t is incumbent upon the Court to manage its docket without being subject to

6    routine noncompliance of litigants[.]" *Pagtalunan*, 291 F.3d at 642. Here, Albertson has

7    demonstrated "routine noncompliance," as he failed to respond to the motion to dismiss or the

8    April 8 order to show cause. *See id.* This factor therefore weighs in favor of dismissal.

9        Third, a defendant is prejudiced where a plaintiff's actions "impaired defendant's ability to

10   proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291

11   F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether

12   prejudice is sufficient to support an order of dismissal is in part judged with reference to the

13   strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In

14   *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the

15   district court found the plaintiff's excuse for her failure to comply with a pretrial order to be

16   "groundless," justifying dismissal. *Id.* Here, Albertson has provided no reason for his

17   noncompliance and has been absent from his case since opposing Google's motion to dismiss.

18   This factor also weighs in favor of dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750,

19   753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to

20   prosecute . . .").

21       Fourth, the Court attempted to employ less drastic alternatives that have proven

22   ineffective. The Court dismissed the complaint with leave to amend and Albertson failed to

23   respond or amend the complaint. ECF 57. The Court then issued an order to show cause,

24   expressly warning Albertson that the deadline to amend the complaint had passed and that failure

25   to respond to the order would lead to dismissal with prejudice. ECF 58. He again failed to

26   respond. Thus, this factor too weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (citation

27   omitted) (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party

28   that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of

alternatives' requirement"); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal"); *see also White v. Gonzales*, No. 21-CV-04221-CRB(PR), 2024 WL 1659896, at *6 (N.D. Cal. Apr. 16, 2024) (finding that "[o]ne consideration pertinent in determining wither dismissal should be with or without prejudice is whether the court previously warned plaintiff that failure to obey a court order would result in dismissal.").

Finally, the last factor – the public policy favoring disposition on the merits – weighs against dismissal here, as it always does when a party fails to prosecute. *See Pagtalunan*, 291 F.3d at 643.

Having carefully considered all five factors, the court concludes that dismissal for failure to prosecute is appropriate. Accordingly, the Court **DISMISSES** this action **WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk is directed to enter final judgment against Plaintiff and close the file in this matter.

**IT IS SO ORDERED.**

Dated: June 12, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**